IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FRANK WOOD THOMAS, SR.,**

    **Petitioner,**

**v.**                                                    **Civil Action No. 3:20cv828**

**JUSTIN ANDREWS,**

    **Respondent.**

## MEMORANDUM OPINION

Frank Wood Thomas, Sr., a former federal inmate proceeding *pro se*, filed a petition under 28 U.S.C. § 2241[1] (the "Petition"). (ECF No. 1.)[2] In the Petition, Thomas asserts that the Bureau of Prisons ("BOP") "has failed to apply [P]etitioner['s] 165 days of 'Earned Time' credits pursuant to the First Step Act for successfully participating in 'Evidence-Based Recidivism Reduction' programs . . . ." (*Id.* 6.) At the time that Thomas filed the Petition, he was detained in the Federal Correctional Complex in Petersburg, Virginia. (*Id.* 1.) However, Respondent Andrews noted that the BOP had calculated Thomas's estimated release date as October 8, 2021 based on his accrued Good Conduct Time. (ECF No. 8-1 ¶ 5.) Indeed, Thomas

---

[1] This statute provides, in relevant part:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

28 U.S.C. § 2241(a).

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

was released from the BOP on October 8, 2021.[3] Accordingly, Thomas is no longer serving the sentence that he attacks in the Petition. Thomas also has not updated his address with the Court since his release as required by the Court's November 18, 2020 Memorandum Order. (ECF No. 2, at 2). Therefore, it appears that he may no longer be interested in litigating the Petition.

Accordingly, by Memorandum Order entered on October 20, 2021, the Court directed Thomas, within fourteen (14) days of the date of entry the Order, to provide a current address and to show cause why the present action should not be dismissed as moot. (ECF No. 12, at 2); *see Spencer v. Kemna*, 523 U.S. 1, 10 (1998); *Wallace v. Jarvis*, 423 F. App'x 328, 328 (4th Cir. 2011) (citations omitted). The Court explained that the failure to file a proper response would result in the dismissal of the action. (ECF No. 12, at 2); *see* Fed. R. Civ. P. 41(b).

More than fourteen (14) days have elapsed since the entry of the October 20, 2021 Memorandum Order, and Thomas has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

Andrews's Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF No. 7) will also be DENIED AS MOOT.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: 11-23-21
Richmond, Virginia

---

[3] The BOP's "Inmate Locator" system indicates that Thomas was released on this day and is available at: https://www.bop.gov/inmateloc/ (last visited November 23, 2021).

2